IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLIFTON D. HALL, | § | |
| | § | No. 91, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 190808699 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 25, 2023
Decided: July 26, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) The appellant, Clifton D. Hall, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hall's opening brief that his appeal is without merit. We agree and affirm.

(2) On July 14, 2021, Hall pleaded guilty to fourth-offense driving under the influence ("DUI"). On August 6, 2021, the Superior Court sentenced Hall to five years of Level V incarceration, with credit for 168 days, suspended after the six-month minimum under 21 *Del. C.* § 4177(d)(4) and (d)(9) for one year of Level III

probation. The sentencing order also required Hall to be monitored by an alcohol monitoring device for at least 90 consecutive days and to complete a drug and alcohol abstinence program and a drug and alcohol treatment program. Hall did not appeal.

(3) Hall began serving his probation on August 12, 2021. On November 3, 2021 the Department of Correction ("DOC") filed an administrative warrant for Hall's VOP. The VOP report alleged that Hall had violated his probation by testing positive for crack cocaine multiple times. On December 3, 2021, the Superior Court found that Hall had violated his probation. The Superior Court sentenced Hall to four years and six months of Level V incarceration, suspended for one year of Level V incarceration to be suspended upon Hall's completion of a program within DOC's discretion and followed by one year of Level III probation. In addition to reimposing all previous terms and conditions, the sentencing order required TASC to evaluate and monitor Hall during his probation.

(4) On June 29, 2022, DOC filed a VOP report alleging that Hall had failed to report to his probation officer and pick up the alcohol monitoring device. A capias issued for Hall's arrest. The capias was returned in September. VOP hearings were scheduled in October and December, but Hall did not appear.

(5) On February 4, 2023, Hall was arrested for theft. A VOP hearing was scheduled for February 24, 2023. On February 14, 2023, DOC filed a supplemental

2

VOP report alleging that Hall had violated his probation by committing new crimes while he had absconded from probation. After a hearing on February 24, 2023, the Superior Court found that Hall had violated his probation and sentenced him to three years and ten months of Level V incarceration, suspended after two years for six months of Level IV work release. This appeal followed.

(6) In his opening brief, Hall does not dispute that he violated his probation. Instead, he argues that: (i) his counsel was ineffective; (ii) the Superior Court erred in sentencing him; and (iii) the Superior Court erred by allowing the disclosure of Hall's protected health information without his informed consent during the VOP hearing. It is manifest on the face of Hall's opening brief that his appeal is without merit.

(7) As to Hall's first argument, this Court generally does not consider ineffective assistance of counsel claims for the first time on direct appeal and declines to do so here.[1]

(8) Turning to Hall's second argument, the Superior Court did not err in sentencing Hall for his VOP. Once Hall committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[2] Hall's VOP sentence—three years and ten months

---

[1] *Williams v. State*, 2022 WL 351084, at *1 (Del. Feb. 4, 2022) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

of Level V incarceration, suspended after two years for six months of Level IV work release—did not exceed the Level V time remaining on his sentence. Nor did the VOP sentence exceed the statutory time prescribed for fourth offense DUI as Hall contends. When Hall committed this crime in 2019, Section 4177(d)(4) provided for imprisonment "of not less than 2 years nor more than 5 years." Section 4177(d)(4) also permitted, but did not require, a sentencing court to suspend up to eighteen months of the minimum two-year sentence if the suspended sentence included participation in drug and alcohol abstinence and treatment programs. The Superior Court did not sentence Hall to more than the statutory maximum for his VOP and was not required to suspend any portion of the VOP sentence.

(9) In conclusory fashion, Hall claims that the Superior Court judge sentenced him with a closed mind, but the transcript of the VOP hearing does not reflect any bias or appearance of a closed mind by the judge. Based on the evidence presented, the Superior Court judge could reasonably conclude that Hall's absconding from probation, commission of a new crime, and failure to report to TASC merited the VOP sentence imposed.

(10) Finally, Hall argues that the Superior Court erred by allowing a TASC witness to disclose his protected health information without his informed consent during the VOP hearing. As the State points out, Hall raised his health issues and related hospital admissions as the primary reason he failed to appear for previous

4

VOP hearings. The TASC witness, unprompted, simply advised the Superior Court of the treatment that TASC had been able to confirm for substance abuse and mental health issues Hall reported to be suffering. Hall did not object the TASC witness's statement and has not identified any basis for reversal of his VOP sentence.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

5